U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 DEC 11 PM 1:57

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| TANYA NADEAU,           )<br>                         )<br>     Plaintiff,        )<br>                         )<br>     v.                  )<br>                         )<br>COUGHLIN, INC. and MCDONALD'S )<br>CORPORATION,            )<br>                         )<br>     Defendants.       ) | Case No. 2:24-cv-803 |

**ORDER ON MOTION TO DISMISS**
**(Doc. 13)**

Plaintiff Tanya Nadeau alleges that she sustained serious injuries when she stumbled and fell on the "irregular" steps leading out of and down from the exit of the McDonald's restaurant in Randolph, Vermont on July 28, 2021. (Doc. 1 ¶¶ 13–16.) She claims that Coughlin, Inc. operated the restaurant and that McDonald's Corporation owned the restaurant. (*Id.* ¶¶ 10–11.) She seeks damages against each defendant on theories of negligence. (*Id.* ¶¶ 20–24 (Coughlin, Inc.); ¶¶ 25–30 (McDonald's Corporation).)

McDonald's Corporation has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), asserting that, although it was the landowner, it "did not control maintenance of the premises where Plaintiff allegedly tripped on the stairs" and that, instead, "Coughlin, Inc., the franchisee who operated the subject restaurant, is responsible for maintenance of the premises." (Doc. 13 at 1.) In support, McDonald's Corporation has presented seven exhibits, including: a Franchise Agreement, an Operator's Lease, an Amendment to Franchise, a Warranty Deed, a Lease, and a Sublease. (*See* Doc. 13-10.) Plaintiff opposes the motion, arguing that McDonald's Corporation's exhibits implicate Fed. R. Civ. P. 12(d), and that, in any case, the factual

allegations in the complaint are "more than sufficient to support a claim of negligence against McDonald's Corporation" on theories of direct and derivative liability. (Doc. 23 ¶¶ 1–8.) McDonald's Corporation has not filed a reply memorandum.

The court begins with the procedural issue. "On a motion to dismiss pursuant to Rule 12(b)(6), the district court's task is to assess the pleadings to determine whether they contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).

> In performing this exercise, district courts may review only a narrow universe of materials, which includes facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, matters of which judicial notice may be taken, as well as documents not expressly incorporated by reference in the complaint that are nevertheless integral to the complaint.

*Id.* (cleaned up). Consistent with the command to assess only the pleadings and that "narrow universe" of other materials, Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Here, the documents that McDonald's Corporation has attached to its motion are not appended to or incorporated into the complaint, subject to judicial notice, or otherwise integral to the complaint. Excluding the documents would not advance the case because it does not appear possible to evaluate the arguments in the Motion to Dismiss without referring to the attached documents. The court therefore concludes that conversion to summary judgment is appropriate.

The court recognizes that "generally, the harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Cortec Indus., Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). And here, Plaintiff has expressed "no reason to doubt the authenticity of the Exhibits" (Doc. 23 ¶ 5) and has further offered detailed arguments against dismissal with reference to those exhibits (*id.* ¶¶ 8–42). Thus, consideration of the exhibits appears to be unlikely to prejudice Plaintiff. The court concludes, however, that Rule 12(d) requires conversion. Employing that procedure will ensure that all parties have a full opportunity to present any evidence on the corporate and contractual structures relevant to McDonald's Corporation's potential liability. Nothing in this Order precludes Plaintiff from seeking to amend the complaint under Fed. R. Civ. P. 15 if she deems that appropriate.

## Conclusion

The court will treat McDonald's Corporation's Motion to Dismiss (Doc. 13) as a motion for summary judgment under Fed. R. Civ. P. 56. Consistent with Local Rule 7, McDonald's Corporation may file any further memorandum and materials within 30 days of the date of this Order. Plaintiff may file any opposition within 30 days thereafter. Either party may seek extension of these deadlines if discovery is needed on issues relevant to the converted motion.

Dated at Burlington, in the District of Vermont, this 11th day of December, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court